UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CASCADE FUNDING RMS ALTERNATIVE HOLDINGS, LLC.,
Plaintiff,

v.

MARIA CHAVEZ, et al.,
Defendants.

Case No. 26-cv-11496-NC

**ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE REMANDED; GRANTING IFP**

Re: Dkt. Nos. 1, 3

Defendant Carmen Chavez, who is representing herself, removed this unlawful detainer action originally filed in Santa Clara County Superior Court by plaintiff Cascade Funding RMS Alternative Holdings, LLC (Cascade Funding). Dkt. No. 1.[1] This Order requires Ms. Chavez to "show cause" by filing a written response **no later than November 17, 2026**, explaining why this case should not be remanded back to state court because the Court lacks subject matter jurisdiction and the removal was untimely.

**I. Subject Matter Jurisdiction**

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). District courts have subject matter jurisdiction

[1]Ms. Chavez has also filed a request to proceed *in forma pauperis*—without payment of the court filing fees. Dkt. No. 3. As Ms. Chavez has adequately demonstrated her inability to pay, this request is granted.

through federal question or diversity jurisdiction. 28 U.S.C. §§ 1331, 1332. Ms. Chavez removed this case on the basis of federal question jurisdiction, asserting that it "arises under the Constitution and laws of the United States, specifically the Civil Rights Act, 42 U.S.C. § 1983, and the Fair Housing Act, 42 U.S.C. § 3601, *et seq.*" Dkt. No. 1 at 3. Ms. Chavez argues these federal laws are implicated because the eviction proceedings brought by plaintiff in state court have violated her right to due process and constitute discrimination against her on the basis of race. *Id.* at 3–4.

On the face of the complaint, however, this case is merely an unlawful detainer action which is a quintessential issue of state law. *Wells Fargo Bank v. Lapeen*, No. C 11-01932 LB, 2011 WL 2194117, at *3 (N.D. Cal. June 6, 2011) ("An unlawful detainer action, on its face, does not arise under federal law but is purely a creature of California law."). It is well established that Ms. Chavez cannot remove a case that initially raises only state law questions by invoking federal law as a defense. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987) ("[I]t is now settled law that a case may not be removed to federal court on the basis of a federal defense . . . ."); *see also Satellite Affordable Hous. Assocs. v. Joachim,* No. 26-cv-01698-AGT, 2026 WL 1508567, at *2 (N.D. Cal. Mar. 18, 2026), *report and recommendation adopted*, No. 26-cv-01698-HSG, 2026 WL 936945 (N.D. Cal. Apr. 7, 2026), *appeal dismissed*, No. 26-2556, 2026 WL 2137949 (9th Cir. May 28, 2026) ("[D]efenses or counterclaims are insufficient bases for federal question jurisdiction."); *U.S. Bank Nat'l Ass'n v. Thompson*, No. 25-cv-10449-VKD, 2025 WL 3514692, at *2 (N.D. Cal. Dec. 8, 2025) ("[F]ederal defenses and counterclaims do not provide a basis for removal.").

A narrow exception to this is 28 U.S.C. § 1443 which Ms. Chavez cites as a basis for removal. § 1443 allows removal of actions:

> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

United States District Court
Northern District of California

28 U.S.C. § 1443 (1)–(2). Ms. Chavez argues that she "cannot receive a fair and impartial trial in the Santa Clara County Superior Court due to the pervasive influence of the Plaintiffs legal counsel, the lack of procedural safeguards for pro se litigants facing sophisticated corporate entities, and the inherent bias in the summary eviction process which denies her a full and fair opportunity to present her federal defenses." Dkt. No. 1 at 4. The Court interprets this as an attempt to remove under § 1443(1) which requires the following showing:

> First, the petitioners must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights. [citation omitted] Second, petitioners must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights.

*Bartlett v. Citibank, N.A.*, No. 18-cv-07550-EMC, 2019 WL 199943, at *1 (N.D. Cal. Jan. 15, 2019) (quoting *Patel v. Del Taco, Inc.*, 446 F.3d 996, 999 (9th Cir. 2006), *abrogated on other grounds by BP P.L.C. v. Mayor & City Council of Baltimore*, 593 U.S. 230 (2021)). Ms. Chavez does not satisfy this test. She offers no allegations suggesting that the state court has been commanded to ignore her rights or any other specific reason why the state court cannot adjudicate her claims of civil rights violations. Conclusory allegations that the state court is biased or lacks procedural protections do not suffice. Ms. Chavez has therefore not shown that § 1443(1) provides a basis for removal.

## II. Timeliness of Removal

Even were Ms. Chavez to have established that removal was proper under federal question jurisdiction, removal is barred because it is untimely. A notice of removal of a civil action must be filed within thirty days after the receipt by the defendant of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. 28 U.S.C. § 1446(b)(1). If the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable. *Id.* § 1446(b)(3).

Here, Ms. Chavez appears to have received the complaint by at least July 22, 2026 when she filed an answer. She did not remove the case until October 6, 2026. This is well outside the 30-day period prescribed by statute and Ms. Chavez offers no explanation as to why she did not remove the case earlier. Ms. Chavez has not shown that her removal was timely.

For the reasons set forth above, the Court concludes that Ms. Chavez has failed to show removal was proper. Accordingly, she must show cause in writing by **November 17, 2026** why this case should not be remanded back to state court. Cascade Funding may respond by **November 24, 2026.** The Court notes that, pursuant to 28 U.S.C. § 1447(c) "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The Court also reminds Ms. Chavez that she may seek the assistance of the Federal Pro Se Program, https://cand.uscourts.gov/representing-yourself/free-legal-help-people-without-lawyers. Appointments may be scheduled by calling (408) 297-1480 or emailing hsong@asianlawalliance.org.

**IT IS SO ORDERED.**

Dated: October 14, 2026

NATHANAEL M. COUSINS
Chief United States Magistrate Judge